PHILLIP A. TALBERT
Acting United States Attorney
KIMBERLY A. SANCHEZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br><br>                  v.<br><br>GENO JEOVANI MACIEL,<br><br>                           Defendant. | CASE NO. 1:21-MJ-00111 SAB<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: January 13, 2022<br>TIME: 2:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

This case is set for a preliminary hearing on January 13, 2022.  The parties agree and stipulate to continue the preliminary hearing until February 11, 2022.  Defense counsel was recently (December 28, 2021) appointed to replace prior counsel.  The parties were engaged in discussions and further investigation, and need additional time to conclude that process.  On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice, and allows district judges to continue all criminal matters.  This and previous General Orders were entered to address public health concerns related to COVID-19.

Pursuant to F.R.Cr.P. 5.1(c) and (d), a preliminary hearing must be held "no later than 14 days after initial appearance if the defendant is in custody," unless the defendant consents and there is a

1  "showing of good cause", or if the defendant does not consent and there is a "showing that extraordinary

2  circumstances exist and justice requires the delay."  Here, the defendant consents and there is good

3  cause.

4      Although the General Orders address the district-wide health concern, the Supreme Court has

5  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

6  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

7  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

8  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

9  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

10 judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

11 or in writing").

12     Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

13 and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice

14 continuances are excludable only if "the judge granted such continuance on the basis of his findings that

15 the ends of justice served by taking such action outweigh the best interest of the public and the

16 defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

17 "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

18 ends of justice served by the granting of such continuance outweigh the best interests of the public and

19 the defendant in a speedy trial."  *Id.*

20     The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

21 T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

22 natural disasters, or other emergencies, this Court has discretion to order a continuance in such

23 circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

24 following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

25 recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

26 *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

27 September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

28 similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

1   In light of the societal context created by the foregoing, this Court should consider the following

2   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

3   justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date

4   for the preliminary hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

5   pretrial continuance must be "specifically limited in time").

6   **STIPULATION**

7   Plaintiff United States of America, by and through its counsel of record, and defendant, by and

8   through defendant's counsel of record, hereby stipulate as follows:

9   1.      By previous order, this matter was set for preliminary hearing on January 13, 2022.

10  2.      By this stipulation, defendant now moves to continue the preliminary hearing until

11  **February 11, 2022, at 2:00 p.m.** and to exclude time between January 13, 2022, and February 11, 2022,

12  under Local Code T4.

13  3.      The parties agree and stipulate, and request that the Court find the following:

14          a)      The parties are discussing and conducting further investigation into pre-

15  indictment matters, and need additional time to conclude.

16          b)      Counsel for defendant desires additional time to consult with his client, conduct

17  further investigation, and discuss charges with the government.

18          c)      Counsel for defendant believes that failure to grant the above-requested

19  continuance would deny him the reasonable time necessary for effective preparation, taking into

20  account the exercise of due diligence.

21          d)      The government does not object to the continuance.

22          e)      Pursuant to F.R.Cr.P. 5.1(c) and (d), a preliminary hearing must be held "no later

23  than 14 days after initial appearance if the defendant is in custody," unless the defendant

24  consents and there is a "showing of good cause".  Here, the defendant consents and there is good

25  cause as set forth herein.

26          f)      Based on the above-stated findings, the ends of justice served by continuing the

27  case as requested outweigh the interest of the public and the defendant in an indictment or trial

28  within the original dates prescribed by the Speedy Trial Act.

g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which an indictment must be filed and within which a trial must commence, the time period of January 13, 2022 to February 11, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy indictment/trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which an indictment must be filed and a trial must commence.

IT IS SO STIPULATED.


Dated:  January 7, 2022                          PHILLIP A. TALBERT
                                                 Acting United States Attorney


                                                 /s/ KIMBERLY A. SANCHEZ
                                                 KIMBERLY A. SANCHEZ
                                                 Assistant United States Attorney


Dated:  January 7, 2022                          /s/ PETER JONES
                                                 PETER JONES
                                                 Counsel for Defendant
                                                 GENO JEOVANI MACIEL




**FINDINGS AND ORDER**

IT IS SO ORDERED.


DATED:   1/10/2022                    _Sheila K. Oberto_
                                      THE HONORABLE SHEILA K. OBERTO
                                      UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4